IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michelle Maloney, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 26 C 8023 |
| | ) | |
| | ) | |
| Embassy Suites by Hilton Chicago Magnificent Mile *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Plaintiff Michelle Maloney suffered some kind of fall in the stairwell of a hotel owned, operated, or otherwise managed by defendants Embassy Suites by Hilton Chicago Downtown Magnificent Mile, Host Hotels & Resorts Inc., Embassy Suites Management LLC, CCES Chicago LLC, Sunstone North State Lessee Inc., State Street Operating VII LLC, HMC Chicago Lakefront LLC, and Hilton Worldwide Holdings Inc. Maloney sued in Cook County Circuit Court and all but Sunstone and State Street joined in removing the case to federal court. Before me is Maloney's motion to remand, which I grant.

**I.**

I enjoy jurisdiction over a case removed from state court on diversity grounds only if each defendant is a citizen of a different state (or country) than the plaintiff. 28 U.S.C. § 1441(b). The burden is on the defendant seeking removal to establish the diversity of the parties. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997). The removing party should make out the grounds for removal in "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such a defendant or defendants in such an action." 28 U.S.C. § 1446(a). Where there are multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

**II.**

Maloney raises two grounds for remand. First, she contends that the removing defendants failed to obtain written consent from all defendants who had been served with process in state court. Second, she argues that the removing defendants have not made out the citizenship of each of the named defendants, many of whom appear to be Matryoshka-doll LLCs full of other LLCs and holding

companies. Maloney appears to be correct on the first ground, but I need not address it because she is definitively entitled to remand on the second.

A limited liability company is a citizen of every state (or country) of which its owning members are citizens. *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 565 (7th Cir. 2021). Four defendants here, State Street, HMC Chicago, CCES Chicago, and Embassy Suites Management, are LLCs. The citizenship of an unincorporated association depends on the citizenship of its members, generally its owners, stockholders, or other stakeholders (a union, for example, derives its citizenship from its card-carrying members). *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016). Embassy Suites by Hilton Chicago Downtown Magnificent Mile appears to be an unincorporated association.

Removing defendants failed to establish the membership (and thus citizenship) of all of the above defendants in their notice of removal. Removing defendants have attempted to cure that problem with various attachments to their response to the motion to remand, and Maloney has raised various issues with the various attachments. I need not address any of them because removing defendants failed entirely to make out the citizenship of State Street Operative VII LLC, meaning they have not, at this late date, established the

parties' citizenships, let alone complete diversity. Removing defendants argue that the proper remedy would be to invite supplemental evidence and briefing regarding jurisdiction. That may be true when problems are few and easily remedied. Here, two tries has not been enough and there is no guarantee a third will suffice. Should there be further attempts at removal, defendants would be well advised to get their consent and citizenship straight before they file notice.

## III.

I grant Maloney's motion and remand this case to Cook County Circuit Court.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: November 25, 2026